IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>SANDRA M. KITE<br><br>     Debtor | Case No.  17-11495-BLS<br>(Chapter 12) |
| U.S. BANK TRUST NATIONAL<br>ASSOCIATION, AS TRUSTEE OF THE<br>CHALET SERIES IV TRUST<br><br>    Movant<br><br>v.<br><br>SANDRA M. KITE<br>1157 CHOPTANK ROAD<br>MIDDLETOWN, DE 19709<br>    (Debtor)<br><br>MICHAEL B. JOSEPH<br>824 MARKET STREET<br>P.O.BOX 1351<br>WILMINGTON, DE 19899-1351<br>    (Trustee) | Docket Ref. No. 78, 80 & 85. |

**STIPULATION REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND REQUEST FOR ADEQUATE PROTECTION**

The parties have agreed to this Stipulated Order by and between Sandra M. Kite (the "Debtor") and U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust ("Movant" or "U.S. Bank Trust National Association"), through their respective counsel, as follows:

**BACKGROUND**

1.   The Debtor is the real and registered owner of certain real estate situated at 1157 Choptank Road, Middletown, Delaware

19709 (the "Mortgaged Property") and is currently in possession of same.

2.    Movant is a secured creditor of the Debtor as evidenced by a certain note (the "Note") in the principal amount of $303,000.00, executed on November 30, 2007.

3.    The Debtor executed a Mortgage dated on or about November 30, 2007 (the "Mortgage") securing the Note in favor of Movant's interest in the Mortgaged Property.

4.    On or about July 7, 2018 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief Pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). Michael B. Joseph was appointed Chapter 13 Trustee.

5.    The Debtor is in default of the Note and Mortgage obligations as he has failed to make full payments that have come due for the months of January 2019 through November 2019.

6.    The Debtor's post-petition mortgage obligation to Movant fell into arrears and Movant filed its Motion for Relief from Stay and Request for Adequate Protection (the "Motion for Relief") on November 4, 2019. (Docket No. 78, 80).

7.    The parties to this Stipulated Order recognize the cost, inconvenience, and uncertainty associated with pursuing and defending the Motion for Relief and instead desire to settle their disputes on the terms and conditions set forth in this Stipulated Order.

**NOW THEREFORE**, with the foregoing Background deemed incorporated herein by this reference as if set forth at length, the parties hereto, intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenant and terms contained herein, agree as follows:

8.    Determination of the Movant's Motion for Relief is hereby stayed until the Debtor performs, observes, and/or fully complies with any covenant, term or condition contained in this Stipulation, including, without limitation, the performance of payments called for by the paragraphs 10 and 11 of this Stipulation.

9.    The arrearages and costs are calculated as follows:

| $ | 16,938.35 | Arrears |
|---|---|---|
| $ | 389.95 | Late Fees |
| $ | 181.00 | Filing Fee |
| $ | 400.00 | Attorney Fee |
| $ | 1,411.41 | Escrow Shortage |
| $ | 19,320.71 | **Total to be paid by stipulation** |

Arrears calculated based on monthly mortgage payments of $1,539.85 each.

10.    Debtor agrees to pay the arrears of $19,320.71 by making twelve (12) monthly payments of $1,610.06 each with the first payment due by March 15, 2020 and each subsequent payment

due by the 15th of the month thereafter with the final payment
due by February 15, 2021.

11.   Debtor also agrees to pay to Movant their regular
monthly payment currently in the amount of $1,539.85 as they
become due under the terms of the Note and Chapter 12 Plan with
the next payment due February 1, 2020.

12.   The following shall be Events of Default under this
Stipulated Order and under the Note and Mortgage:

      a. the occurrence of a default under the Note and
Mortgage including the failure to make a monthly
payment to Movant pursuant to the terms of the Note
and Mortgage; and

      b. Debtor's failure to perform, observe, or fully
comply with any covenant, term, or condition
contained in this Stipulated Order including,
without limitation, the failure to file the Modified
Chapter 13 Plan or failure to make any payment
called for by paragraphs 10 and 11, respectively, of
this Stipulated Order.

13.   Upon the occurrence of an Event of Default and ten
(10) days' notice thereof to Debtor and his counsel and Debtor's
failure to cure said event of default within 10 days of receipt
of said Notice of Non-Compliance, the Automatic Stay will be
hereby lifted without further hearing upon the filing of a

Notice of Default, Rule 4001(a)(3) will not be applicable and Movant may, at is option, exercise any or all of the following rights and remedies:

    a. declare all existing liabilities, indebtedness, and obligations of the Debtor to Movant immediately due and payable, including, but not limited to, interest, principal, expenses, advances to protect Movant's interest in the Mortgaged Property, and reasonable counsel fees to enforce this Stipulated Order of the Note and Mortgage, all without demand, notice, or any further actions;

    b. institute any legal proceedings available to Movant for the purpose of recovering any damages suffered by Movant as a result of Debtor's breach of this Stipulated Order;

    c. take any and all actions necessary to foreclose upon the Mortgaged Property; and/or

    d. exercise any other right or remedy available to Movant under applicable law.

    e. All of the above items "a" through "d" shall be in rem actions only against the Mortgaged Property.

14.  All notices required or desired to be given to the Debtor hereunder shall be in writing and shall be deemed to have been given when the notice is (i) personally delivered to Debtor

and his counsel or (ii) sent by United States First Class Mail, postage prepaid to Debtor at the address set forth below and sent by United States First Class Mail, postage prepaid to Debtor's counsel at the address and number set forth below:

Debtor

Sandra M. Kite
1157 Choptank Road
Middletown, DE 19709

With a Copy to:

Debtor's Counsel

Doreen H. Becker
Holfeld & Becker
1217 King Street
Wilmington, DE 19801

Chapter 13 Trustee

Michael B. Joseph
Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, DE 19899

Any notice of a change in the foregoing addresses shall be sent to counsel for Movant.

15.   This Stipulated Order shall be binding upon the parties hereto, their respective heirs, successors, assigns, executors, administrators, and legal and personal representatives, regardless of whether the Debtor's bankruptcy case is converted or dismissed and shall be binding upon any trustee appointed in the case.   Confirmation of or modification of any plan or reorganization filed in Debtor's bankruptcy case shall not alter, amend, modify, or otherwise affect any term, covenant, or condition of this Stipulated Order without the prior written consent of Movant.

16.  Nothing herein nor any delay on the part of Movant in the exercise of any right or remedy hereunder shall operate or be construed as a waiver of any of Movant's rights hereunder.

17.  This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18.  It is expressly understood and agreed that the execution and entry of this Stipulated Order shall in now way constitute a waiver of Debtor's right to propose a plan of reorganization which seeks to impair Movant's claim or right to object to any plan of reorganization proposed or filed by the Debtors.

19.  As long as no uncured Event of Default exists, the terms of Stipulated Order shall remain in effect until all of the payments due under the plan have been made.

20.  Attorney fees and costs for issuing Notice to Cure, Notice/Certificate/Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

INTENTIONALLY LEFT BLANK

**IN WITNESS WHEREOF**, the parties hereto have authorized their counsel to execute this Stipulated Order on their behalf and have caused this Stipulated Order to be executed.

Dated: February 9, 2020   MARINOSCI LAW GROUP, P.C.

/s/ Gaston P. Loomis
Gaston P. Loomis, Esq.
824 N. Market Street
Suite 901
Wilmington, Delaware 19801
Tel: (302) 633-0700
Counsel for Movant

Dated: February 17, 2020   HOLFELD & BECKER

/s/ Doreen H. Becker
Doreen H. Becker, Esq.
1217 King Street
Wilmington, DE 19801
Tel: 302-654-3535
Counsel for Debtor

The Trustee has read this Stipulated Order and consents to the terms thereof.

Dated: ___2·19___, 2020

_____
Michael B. Joseph

**APPROVED AND SO ORDERED** this 21st day of February, 2020

BY THE COURT:

_____
United States Bankruptcy Judge